# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**June 30, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**RONALD E.,**
**Respondent Below, Petitioner**

**v.) No. 25-ICA-416**   (Fam. Ct. Jefferson Cnty. Case No. FC-19-2023-D-13)

**KELLI E.,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ronald E.[1] ("Father") appeals the Family Court of Jefferson County's final contempt and remand order entered September 22, 2025, which denied Father's petition for contempt and dealt with the issues on remand from this Court's decision in 23-ICA-528. Respondent Kelli E. ("Mother") filed a summary response in support of the family court's order.[2] Father filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the family court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

This Court has addressed multiple underlying issues in this case in previous appeals.[3] As such, we will only briefly discuss the facts of the case in this decision because those decisions contain detailed factual recitations.

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See*, *e.g.*, W. Va. R. App. P. 40(e); *State v. Edward Charles L.*, 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Father is self-represented. Mother is represented by Gregory A. Bailey, Esq., and Cameron T. LeFevre, Esq.

[3] *See Ronald E. v. Kelli E.*, No. 23-ICA-528, 2024 WL 3588369 (W. Va. Ct. App. July 30, 2024) (memorandum decision) and *Ronald E. v. Kelli E.*, No. 24-ICA-165, 2024 WL 5003304 (W. Va. Ct. App. December 6, 2024) (memorandum decision).

1

The parties were married on October 15, 2016, in Frederick County, Maryland. They share three minor children born in 2017, 2019, and 2020. Mother filed for divorce and the family court held the first hearing on March 27, 2023. The family court held a status hearing on April 6, 2023, and ordered equal parenting time and shared decision making. On June 8, 2023, the family court held an additional status hearing where the court appointed a Guardian ad Litem. The family court held a temporary custody hearing and final hearing on equitable distribution on October 24, 2023. The court entered the final order on equitable distribution on the same day as the hearing and held that the full 12% of Mother's membership interest in Shoemaker Investments, LLC ("LLC") was a gift to Mother from her father and was her separate property. The family court further found that any taxes paid were covered by the LLC and not by marital funds. Father filed a notice of appeal on the final equitable distribution order on November 27, 2023. *See Ronald E. v. Kelli E.*, No. 23-ICA-528, 2024 WL 3588369 (W. Va. Ct. App. July 30, 2024) (memorandum decision).

The final custody hearing began on January 17, 2024, the family court suspended all of Father's parenting time by order entered on January 29, 2024, and scheduled the remainder of the hearing for February 2, 2024.[4] The family court entered the final order on March 14, 2024, and based on the extensive findings, the family court ordered Father to do the following: (a) demonstrate that he has undergone a psychological evaluation and parental capacity assessment and produce said report to the court; (b) not exercise any overnight custodial time with the children; and (c) have supervised visits with the children once a week for a two-hour period, to be supervised by a licensed therapist or agency. The court granted Mother sole parenting and decision-making authority. Father filed a notice of appeal on the final custody order on April 15, 2024. *See Ronald E. v. Kelli E.*, No. 24-ICA-165, 2024 WL 5003304 (W. Va. Ct. App. December 6, 2024) (memorandum decision).

This Court issued a memorandum decision in 23-ICA-528 on July 30, 2024, and remanded the case to family court with directions to enter an order with sufficient findings of fact and conclusions of law to facilitate meaningful appellate review as to whether the member interest of the LLC constitutes marital or separate property. This Court issued a corrected memorandum decision in the custody appeal, 24-ICA-165, on January 30, 2025, affirming the lower court.[5] Father filed a petition for contempt in the family court on January 31, 2025. On March 28, 2025, Father filed the completed psychological evaluation

---

[4] The family court suspended Father's parenting time pursuant to the GAL's recommendation that Father's contact with the children be restricted due to Father making repeated unsubstantiated allegations of child abuse.

[5] Father appealed this Court's ruling in 24-ICA-165 to the Supreme Court of Appeals of West Virginia ("SCAWV") on March 3, 2025.

dated February 18, 2025, with the court. The family court held a hearing on the petition for contempt and the issues on remand from 23-ICA-528 on July 28, 2025.

Both parties and their counsel appeared at the contempt/remand hearing. The court initially questioned Father's counsel about some documents and a witness list filed with the court at 1:04 a.m. the day of the hearing. Mother objected to the entry of Mother's employee records as Father obtained those through a subpoena not filed with the family court and without providing Mother proper notice. Mother further objected to Father calling any witnesses other than himself because the witness list was not filed properly, and Mother did not have the opportunity to have a timely review of its contents. Mother denied that she interfered with Father's weekly visits with the children and that she was allowing Father to visit the children even though he had not completed his psychological evaluation. The family court declined to find Mother in contempt because Mother's obligation to provide visitation was contingent upon Father's completion of his psychological evaluation.

The family court next heard testimony and evidence regarding Mother's 12% membership interest in the LLC. Mother testified and submitted into evidence the LLC's articles of organization with the amended schedules from 2014 through 2022, the 2016 Schedule K-1, and the 2021 Schedule K-1. Mother offered this evidence to prove that she owned 12% membership interest in the LLC before marriage, and she owned 12% membership interest in the LLC after the parties separated. Father testified as to when he became aware of the LLC membership interest, how he and Wife both provided services to benefit the LLC during the marriage, and that he filed the parties' taxes. Father also testified about disbursements the parties received from the LLC prior to 2022, that they deposited the funds into their joint bank account, and that the parties sometimes used the disbursements to pay for their vacations.

The family court entered the final contempt and remand order on September 22, 2025, finding that the documentary evidence presented supported Mother's contention that her father gifted her a total of 12% membership interest in the LLC prior to her marriage and that Father bore the burden of proof to demonstrate that Mother converted her 12% membership interest in the LLC from separate property into marital property. The court found that Father failed to meet his burden of proof, and that the 12% membership interest in the LLC was properly excluded from the marital estate in the court's equitable distribution calculations in the prior order entered October 24, 2023. It is from this order that Father now appeals.

When reviewing the order of a family court, we apply the following standard of review:

> When a final order of a family court is appealed to the Intermediate Court of
> Appeals of West Virginia, the Intermediate Court of Appeals shall review

3

the findings of fact made by the family court for clear error, and the family court's application of law to the facts for an abuse of discretion. The Intermediate Court of Appeals shall review questions of law de novo.

Syl. Pt. 2, *Christopher P. v. Amanda C.*, 250 W. Va. 53, 902 S.E.2d 185 (2024); *accord* W. Va. Code § 51-2A-14(c) (2005) (specifying standards for appellate court review of family court orders). Further, as to a family court's rulings on civil contempt matters, we apply the same standard of review as the Supreme Court of Appeals of West Virginia ("SCAWV"):

> In reviewing the findings of fact and conclusions of law of a circuit court supporting a civil contempt order, we apply a three-pronged standard of review. We review the contempt order under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review.

Syl. Pt. 1, *Carter v. Carter,* 196 W. Va. 239, 470 S.E.2d 193 (1996).

"In general, an abuse of discretion occurs when a material factor deserving significant weight is ignored, when an improper factor is relied upon, or when all proper and no improper factors are assessed but the . . . court makes a serious mistake in weighing them." *Shafer v. Kings Tire Serv., Inc.,* 215 W. Va. 169, 177, 597 S.E.2d 302, 310 (2004) (citation omitted). Further, "[q]uestions relating to . . . custody of the children are within the sound discretion of the [family] court and its action with respect to such matters will not be disturbed on appeal unless it clearly appears that such discretion has been abused." Syl., *Nichols v. Nichols,* 160 W. Va. 514, 236 S.E.2d 36 (1977). "Thus, a family court's decision is entitled to significant deference. Absent an abuse of discretion, this Court must refrain from substituting its judgment for that of the family court, even if this Court might have decided a case differently." *Amanda A. v. Kevin T.,* 232 W. Va. 237, 245, 751 S.E.2d 757, 765 (2013).

Father raises seven assignments of error on appeal, several of which are similar, or closely related, that we have consolidated where appropriate for efficiency and clarity of our review. *See generally Tudor's Biscuit World of Am. v. Critchley*, 229 W. Va. 396, 402, 729 S.E.2d 231, 237 (2012) (per curiam) (stating the general proposition that related assignments of error may be consolidated for ruling). Father's first four assignments of error deal with the family court's dismissal of his petition for contempt. Father argues that the family court denied him due process by refusing to hear evidence and testimony concerning his petition for contempt and that this refusal constituted an abuse of discretion, created an appearance of bias, and deprived Father of a fair and impartial hearing. Further, Father contends that the family court abused its discretion by refusing to enforce the visitation order due to its erroneous belief that visitation was contingent on the parental

4

fitness evaluation, despite the absence of such a condition in the order. We are unpersuaded by Father's arguments.

In *Deitz v. Deitz,* 222 W. Va. 46, 54, 659 S.E.2d 331, 339 (2008), the SCAWV acknowledged that "[a]n integral part of the family court's authority to enter final orders of divorce is its corresponding power to enforce those orders through contempt proceedings." However, the family court's enforcement of such orders is discretionary. *See Mark V.H. v. Dolores J.M.*, 232 W. Va. 378, 387, 752 S.E.2d 409, 418 (2013); *see also Joshua T. v. Angela M.*, No. 22-ICA-221, 2023 WL 2366493, at *2 (W. Va. Ct. App. Mar. 6, 2023) (memorandum decision). As the family court is afforded such discretionary authority, we conclude that the family court's decision not to grant Father's petition for contempt is neither clearly erroneous nor an abuse of discretion.[6]

Father's remaining assignments of error deal with the issues on remand from 23-ICA-528, specifically, whether Mother's 12% membership interest in the LLC was marital or separate property and which party had the burden of proof. Father argues that the family court's findings and conclusions regarding Mother's membership interest in the LLC were clearly erroneous and contrary to law and that the family court failed to apply the proper burden of proof and ignored undisputed evidence. As to the issue of whether the family court erred by classifying Mother's 12% membership interest in the LLC as separate property, it is necessary to examine both the definitions of marital and separate property. West Virginia Code § 48-1-233 (2001) defines marital property in part as, "[p]roperty and earnings acquired by either spouse during a marriage." By contrast, West Virginia Code § 48-1-237(1) (2001) defines separate property in part as, "[p]roperty acquired by a person before marriage." This statute further states that separate property can be property acquired by a party during a marriage by gift, bequest, devise, descent or distribution. *See* W. Va. Code § 48-1-237(4) (2001). Classification of property as separate or marital is determined on a case-by-case basis according to the particular facts of the case, based on the intent and conduct of the parties. *See Fry v. Fry*, No. 22-ICA-47, 2023 WL 1463353 (W. Va. Ct. App. Feb. 2, 2023) (memorandum decision).

The family court found that the documentary evidence presented at the July 28, 2025, hearing supported Mother's contention that she owned the 12% membership interest in the LLC prior to her marriage in October 2016. There is no evidence in the record indicating that Mother sought to re-title or convey any part of the membership interest in the LLC to Father. Upon review, we find no error in the court's findings that the 12% membership interest of the LLC was Wife's separate property. Regarding which party should bear the burden of proof, the SCAWV has held that, "[t]he burden of persuasion is

---

[6] We note that the family court found that it could not find Mother in contempt as of July 28, 2025. However, the family court's order does not preclude Father from seeking enforcement of the custody order in the future.

on the party asserting a right to the property, that is to say that the burden of persuasion with respect to characterizing the property as separate property is on the one claiming the property to be separate and the burden of persuasion with respect to characterizing the property as marital is on the party claiming the benefit of that result." *Mayhew v. Mayhew*, 205 W. Va. 490, 498, 519 S.E.2d 188, 196 (1999).

Here, Father bore the burden of proving that Mother gifted the separate asset to the marital estate. The family court found that Father failed to meet his burden of proof and ultimately found that the 12% membership interest of the LLC was properly excluded from the marital estate in the equitable distribution in the final order entered October 24, 2023. We find no error with the family court's analysis on the burden of proof.

In our previous decision, we instructed the family court to first analyze whether Mother's membership interest in the LLC should be categorized as marital or separate property, and which party has the burden of proof. On remand, the family court entered an order consistent with the directives of this Court's mandate. Upon review, we cannot conclude that the family court abused its discretion or erred in its ruling.

Accordingly, we affirm the family court's September 22, 2025, order.

Affirmed.

**ISSUED:** June 30, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White